UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MADELINE MICHELLE COBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-2705-DDN |
| | ) | |
| ANDREW M. SAUL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Madeline Michelle Coburn for leave to commence this civil action without payment of the required filing fee. (ECF No. 2). The Court has reviewed the motion and the financial information provided, and has determined to grant the motion. Additionally, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint

states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

### The Complaint

On October 3, 2019, self-represented plaintiff Madeline Michelle Coburn filed this civil suit on a Court-provided form against the following defendants: Andrew M. Saul, Commissioner of the Social Security Administration ("SSA"); Linda Kerr-Davis, Regional Commissioner of the SSA; Ryan M. Warrenfeltz; William Lacy Clay; the Missouri Attorney General's Office; the Treasury Inspector General for Tax Administration; the Internal Revenue Service, Tax Advocate Service; Carvana Group, LLC; and Ameren Missouri.

Plaintiff alleges defendants violated the "Civil Rights [Act] of 1964 as amended and Title 15 U.S.C. [§] 1692(e) for misrepresentation and misleading date for erroneous death classified by

SSA[.]" (ECF No. 1 at 6). Plaintiff alleges she "suffered a hardship from 2007-2019 [due] to government agencies listing Plaintiff deceased." (ECF No. 1 at 7). Plaintiff further alleges "Ameren Missouri allowed 3rd party agency to change SSN [social security number] on utility account without written expressed consent;" "Carvana Group LLC caused identity theft on SSN," and an IRS "accountant caused physical harm to plaintiff prohibiting [her] from leaving IRS Tax office[.]" (ECF No. 1 at 9). Plaintiff seeks actual and punitive damages "in excess of $12,000,000.00."

In addition to her complaint, plaintiff filed three sets of exhibits containing 262 pages of documents. (ECF Nos. 3, 4, and 9). The relevant material reflects that, in early 2007, non-party First Premier Bank began to report plaintiff as deceased. On March 20, 2007, the Missouri Department of Higher Education denied plaintiff a private student loan due to an entry on her credit report indicating she was deceased, and also because of delinquent credit obligations and a bankruptcy filing. (ECF No. 3 at 16, 41). On September 4, 2007, the Federal Reserve Bank of Minneapolis informed plaintiff that it had removed her deceased status from its records on May 7, 2007 and confirmed that all credit bureaus were reporting her account accurately as of August 17, 2007. (ECF No. 3 at 42).

The SSA sent plaintiff a letter dated January 31, 2019 responding to her request to correct its records which erroneously indicated she was deceased. (ECF No. 3 at 5). The SSA informed plaintiff that it removed the incorrect information and instructed her to provide a list of organizations plaintiff would like the SSA to contact for the purpose of informing them that the death designation was incorrect. On April 8, 2019, plaintiff filed an administrative claim against the SSA pursuant to the Federal Tort Claims Act ("FTCA"), alleging "negligent business

practices" and "employee negligence." (ECF No. 3 at 9). On May 14, 2019, the SSA denied plaintiff's claim citing section 205(h) of the Social Security Act, which provides "[n]o action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28, United States Code, to recover on any claim arising under" the Social Security Act. (ECF No. 3 at 9).

### Discussion

Plaintiff filed this action pursuant to the Civil Rights Act of 1964 and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(e). To the extent plaintiff seeks monetary damages from defendants Andrew M. Saul, Commissioner of the SSA; Linda Kerr-Davis, Regional Commissioner of the SSA; Ryan M. Warrenfeltz; William Lacy Clay; the Treasury Inspector General for Tax Administration; and the Internal Revenue Service Tax Advocate Service, such claims are barred by the doctrine of sovereign immunity. It is well established that, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim for money damages against the United States, its agencies, and its officers in their official capacities.[1] *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Fonseca v. Columbia Gas Sys., Inc.*, 37 F. Supp. 2d

---

[1] Defendant Ryan M. Warrenfeltz was a General Attorney for the SSA. Defendant William Lacy Clay is a current U.S. Congressman. If a complaint is silent about the capacity in which a defendant is sued, courts interpret the complaint as including only official-capacity claims. *Johnson v. Burton*, 574 F. App'x 745, 746 (8th Cir. 2014) (citing *Baker v. Chisom,* 501 F.3d 920, 923-24 (8th Cir. 2007)). A suit against an official of the federal government in the officer's official capacity is considered a suit against the United States. *Searcy v. Donelson,* 204 F.3d 797, 798 (8th Cir. 2000).

214 (W.D.N.Y. 1998) (complaint seeking damages from the Commissioner of SSA in his official capacity is barred by the doctrine of sovereign immunity).

"A waiver of sovereign immunity must be unequivocally expressed in statutory text." *Sanders v. United States Congress*, 399 F. Supp. 2d 1021, 1025 (E.D. Mo. Nov. 10, 2005) (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 37 (1992)). The Civil Rights Act of 1964 and the FDCPA do not contain a statutory waiver of sovereign immunity. Section 405(g) of the Social Security Act does contain a statutory waiver, but it is limited to challenges of final SSA decisions in connection with eligibility and benefits determinations. *See* 42 U.S.C. § 405(g) (federal court jurisdiction is limited to "affirming, modifying, or reversing the [final] decision of the Commissioner"); *Thompson v. SS Admin. Office*, 2019 WL 3891343, at *3 (E.D. Mo. Aug. 19, 2019) (dismissing suit against SSA seeking damages pursuant to the Civil Rights Act of 1964 because plaintiff's complaint did not challenge a final decision of the SSA and did not demonstrate waiver of sovereign immunity); *Acevedo v. United States*, 2008 WL 2098129, at *2 (E.D. Mo. May 16, 2008) (action brought against SSA is one brought against the United States, which possesses sovereign immunity and can only be sued with its consent); *Camacho-Corona v. Douglas Cty. Dep't of Corr.*, 2012 WL 3112020, at *2 (D. Neb. July 31, 2012) ("It is well settled that the United States has not waived its sovereign immunity for suits seeking damages based on alleged constitutional violations.").

Plaintiff's complaint asserts that officials from the SSA should be monetarily liable for incorrectly designating her as "deceased," but she does not challenge a final decision of the SSA regarding eligibility and benefits determinations. Thus, the Court finds defendants Andrew M. Saul, Commissioner of the SSA, Linda Kerr-Davis, Regional Commissioner of the SSA, Ryan M.

Warrenfeltz, William Lacy Clay, the Treasury Inspector General for Tax Administration, and the Internal Revenue Service Tax Advocate Service to be immune from this suit and all claims against them will be dismissed.

Similar to sovereign immunity for suits against the United States, the Eleventh Amendment to the United States Constitution provides that "states may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Canady v. I.R.S.*, 960 F. Supp. 211, 212 (W.D. Mo. Feb. 3, 1997) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 99 (1984)). The Missouri Attorney General's Office is an agency of the State of Missouri. The State of Missouri has not consented to be sued in this matter, and plaintiff does not assert, nor is the Court aware, of any relevant Congressional abrogation. Therefore, this Court lacks subject matter jurisdiction to grant the relief sought by plaintiff as to defendant Missouri Attorney General's Office.

As to the remaining defendants Carvana Group, LLC and Ameren Missouri, plaintiff has not adequately alleged a claim under the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* First, the complaint fails to identify the specific provision(s) allegedly violated by these defendants. *See Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for a self-represented plaintiff); *see also Sofer v. United States*, 1995 WL 576833, at *5 (E.D. Va. June 7, 1995) ("The Civil Rights Act of 1964 contained ten titles, providing relief from various forms of discrimination taking place in a variety of fora" and a plaintiff must "state the title on which he is relying[.]"). Second, plaintiff fails to allege any facts demonstrating she was subjected to discrimination on the account of race, color, or national origin, or that she is a

6

member of a protected class. *See* 42 U.S.C. §§ 2000d and 2000e-2. A claim is not facially plausible unless "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff's complaint does not contain a narrative statement of the facts underlying her alleged Civil Rights Act of 1964 claim. Liberally construing the complaint, plaintiff's allegations against these defendants pursuant to the Civil Rights Act of 1964 do not survive review under 28 U.S.C. § 1915(e)(2)(B) and the Court will dismiss plaintiff's claims as legally frivolous.

Plaintiff has also not adequately alleged a claim against defendants Carvana Group, LLC and Ameren Missouri pursuant to 15 U.S.C. § 1692(e) of the FDCPA. The FDCPA's purpose "is to eliminate abusive debt collection practices by debt collectors, and to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 318-19 (8th Cir. 2004). The FDCPA authorizes private lawsuits and fines in order to prevent debt collectors from engaging in prohibited practices. *Coyne v. Midland Funding, LLC*, 895 F.3d 1035, 1037 (8th Cir. 2018) ("[t]he FDCPA is a consumer-protection statute authorizing private lawsuits and weighty fines to deter wayward collection practices"). "To establish a prima facie case in an action for violation of the Fair Debt Collection Practices Act, the plaintiff must plead and prove (1) the defendant was a debt collector, (2) the defendant's conduct in attempting to collect a debt was prohibited by the Act and (3) the debt was a consumer debt." *Webb v. SuddenLink Commc'ns*, 2010 WL 3940905, at *1 (E.D. Mo. Oct. 6, 2010).

Plaintiff has not alleged that either Carvana Group, LLC or Ameren Missouri are debt collectors within the definition the FDCPA or that they engaged in a prohibited debt collection

practice under the FDCPA with respect to a consumer debt. Plaintiff does not provide any factual allegations regarding the collection of a debt, and no logical inferences can be made from plaintiff's allegations that either defendant was attempting to collect a debt. Liberally construing the complaint, plaintiff's allegations against these defendants pursuant to the FDCPA do not survive review under 28 U.S.C. § 1915(e)(2)(B) and the Court will dismiss this claim as legally frivolous.

Therefore, for all of the foregoing reasons, the Court has determined that this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 17th day of March, 2020.

                                                HENRY EDWARD AUTREY
                                                UNITED STATES DISTRICT JUDGE